## HAMILTON v. MUTUAL BENEFIT LIFE INS. CO.

1. Where upon default in the payment of a premium due upon a policy of life-insurance, the company, as was its right to do under the terms of the policy, applied the net reserve, less certain indebtedness due the company, to the credit of the insured at the date of such default, to "the purchase of non-participating term insurance for the full amount insured by" the policy, and the insured lived longer than such term insurance had to run, no recovery can be had upon the policy.
2. When under the terms of such a policy it appeared that the "non-participating term insurance" would be in force a period of time fixed by the "company's rate published and in force at" the time such term insurance was to be granted, an objection to parol evidence offered to show what were the company's published rates for such insurance, on the ground that "the construction of the contract was for the court," was not meritorious.

Argued October 30,—Decided December 2, 1899.

Action on insurance policy. Before Judge Butt. Muscogee superior court. November term, 1898.

*C. J. Thornton, A. E. Thornton,* and *O. M. Colbert,* for plaintiff. *Brannon, Hatcher & Martin,* for defendant.

COBB, J.   This was an action upon a policy of life-insurance issued by the defendant on October 2, 1891, upon the life of John C. Hamilton, in the sum of $2,000, payable to Caroline Hamilton, the wife of the insured and the plaintiff in the present case.   The uncontradicted evidence establishes the following facts:   The insured died March 13, 1895.   Two annual premiums were paid on the policy, but default was made in the payment of the third premium due September 19, 1893.   On this date the "net reserve" to the credit of the insured on the books of the defendant company was $38.04.   The company had loaned the insured on his policy $14.22, and this amount, together with the agreed rate of interest thereon, deducted from the net reserve left to his credit the sum of $18.04.   The policy provides that when after two full annual premiums shall have been paid it shall become void solely on account of non-payment of any premium, the net amount due the insured at the date of the default shall, upon surrender of the policy and request by the insured, be applied to the purchase of "paid-up" insurance, that is, insurance upon which no further premiums are to be paid, in whatever amount the sum due him will purchase under the terms of his policy.   The policy further provides that if no request for paid-up insurance is made, the sum due the insured "shall be applied by the company, as a single premium at the company's rate published and in force" at the date of the default, "to the purchase of non-participating term insurance for the full amount insured."   The evidence showed that the insured did not surrender his policy and request a paid-up policy in compliance with that provision of the policy first above referred to; and it further shows that, under the company's published rates, extended or term insurance was granted to the insured for a period of 328 days from September 19, 1893.

1.  From the above-recited facts it will be seen at once that the controlling question to be decided is for what period of time under the terms of the policy the insurance continued in force after the default in payment of the premium.   The only portion of the policy bearing upon this matter is that set out above, which provides that the period of time the term insurance shall be granted is determined by the "company's rate

published and in force" at the time the policy became void for non-payment of premium. There being uncontradicted evidence that according to this rate the insurance was in force for only 328 days after this time, and the insured having lived until March 13, 1895,.the insurance was not in force at the date of his death. There could, therefore, be no recovery for the plaintiff, and the granting of a nonsuit was proper.

2. The defendant introduced parol evidence to show for what period of time under the company's published rates the extended or term insurance granted to the insured was in force. The plaintiff objected to this evidence, on the ground that "the construction of the contract was for the court." The policy did not undertake to set out the periods of time for which extended insurance would be granted, and hence there was no room for construction as to this matter. The objection urged to the admissibility of the evidence was, therefore, not meritorious. Whether or not it should have been excluded for any other reason we do not decide.

*Judgment affirmed. All the Justices concurring.*